**| Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries

**01/28/2026**

**Request Filed**
Request for Process Server.
**Filed By:** MARTIN L DAESCH
**On Behalf Of:** CRESTWOOD EXECUTIVE PARTNERS, LLC

**Summons Issued-Circuit**
Document ID: 26-SMCC-1738, for WEST BEND INSURANCE COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**01/16/2026**

**Filing Info Sheet eFiling**

**Filed By:** MARTIN L DAESCH

**Pet Filed in Circuit Ct**
Petition; Ex A - Policy.
**Filed By:** MARTIN L DAESCH
**On Behalf Of:** CRESTWOOD EXECUTIVE PARTNERS, LLC

**Judge Assigned**
DIV 6

**EXHIBIT A**

26SL-CC00640
Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

CRESTWOOD EXECUTIVE PARTNERS, LLC, )
)
Plaintiff, )
)
v. ) No.
)
WEST BEND INSURANCE COMPANY, )
Serve: Registered Agent Solutions, Inc. )
5661 Telegraph Road, Ste. 48 )
St. Louis, MO 63129, )
)
Defendant. )

**PETITION**

COMES NOW Plaintiff Crestwood Executive Partners, LLC ("Crestwood"), by and through its undersigned counsel, and for its cause of action against West Bend Insurance Company ("WBIC"), states as follows:

**THE PARTIES**

1. At all relevant times, Crestwood was a Missouri limited liability company with its principal place of business in St. Louis, Missouri.

2. At all relevant times, WBIC was an insurance company doing business and authorized to issue policies of insurance in Missouri. WBIC entered into a contract for insurance with Crestwood, the coverage of which is the subject of this action for breach of contract, declaratory judgment and vexatious refusal to pay.

**JURISDICTION AND VENUE**

3. This is a civil case, so this Court has jurisdiction.

4. Venue is proper in St. Louis County, Missouri, where WBIC's policy of insurance was negotiated and delivered, and whom its registered agent can be found.

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

## FACTUAL BACKGROUND

5. Crestwood purchased an insurance policy, Policy No. B279200-0, from WBIC for its building and equipment located at Crestwood Executive Center, 50 Crestwood Executive Drive, St. Louis, Missouri 63126. The policy was in effect from March 1, 2023 to March 1, 2024.

6. Crestwood's policy with WBIC included building and personal property coverage extending to equipment sudden and accidental failures.

7. On or about February 22, 2024, Crestwood's elevator experienced a sudden accidental failure in its hydraulic cylinder, the main component of the elevator's jack assembly system that necessitated a complete replacement of the jack assembly.

8. Crestwood filed an insurance claim, Claim No. AR36316, with WBIC, that WBIC has denied and refused to pay.

9. Crestwood has replaced the failed jack assembly at a cost of $100,800.00.

## THE POLICY

10. The Policy provides coverage for a building and personal property as follows:

> A. Coverage – We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause or Loss:
>
> 1. Covered Property:
>
> a. Building, meaning the building or structure described in the Declarations, including…
>
> (3) Permanently Installed.
>
> (a) Machinery and
>
> (b) Equipment…

Not an Official Court Document

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

b. Your Business Personal Property consists of the following property…

(1) Furniture and Fixtures;

(2) Machinery and Equipment.

11. The policy includes an Endorsement for "Equipment Breakdown Coverage Endorsement" as follows:

A. The following is added to A.4. Additional Coverages of the Building and Personal Property Coverage Form, Condominium Association Coverage Form and Condominium Commercial Unit Owners Coverage Form.

1. We will pay for direct physical damage to Covered Property that is the direct result of an "accident"…

12. The Endorsement for "Equipment Breakdown Coverage Endorsement" contains the following definitions:

4.a.(1). "Accident" means a fortuitous event that causes direct physical damage to "covered equipment." The event must be one of the following:

(a) Mechanical breakdown, including rupture or bursting caused by centrifugal force…

(e) "Covered Equipment"

(1) Covered equipment means Covered Property:

(a) That generates, transmits or utilizes energy;

(b) Which during normal usage, operates under vacuum or pressure, other than the weight of its contents…

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

**COUNT I**

**(Breach of Contract)**

13. Allegations 1–12 above are repeated and realleged herein.

14. The Policy obtained and paid for by Plaintiff, from Defendant, constitutes an enforceable contract between an insurer (WBIC) and its insured (Crestwood).

15. The Policy and its Endorsement, contractually obligate WBIC to provide insurance coverage to Crestwood for its loss as afore-described.

16. Crestwood complied with any and all conditions precedent to establishing the loss and indemnification from WBIC for Crestwood's loss.

17. WBIC has breached and continues to breach its obligations in the Policy and Endorsement by denying coverage and failure to indemnify for Crestwood's accidental loss.

**COUNT II**

**(Declaratory Judgment)**

18. Allegations 1–17 above are repeated and realleged herein.

19. An actual controversy exists between WBIC and Crestwood concerning WBIC's denial of coverage for Crestwood's loss.

20. This Court is vested with the power to declare the rights and liabilities of the parties and to grant such relief as is necessary and proper.

21. Under the Policy and its Endorsement, WBIC owes Crestwood a duty to indemnify for Crestwood's loss as herein described.

22. Crestwood seeks a judicial determination regarding the parties' respective rights and obligations under the Policy and Endorsement in connection with the insurance coverage for Crestwood's loss.

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

**COUNT III**

**(Vexatious Refusal)**

23. Allegations 1–22 above are repeated and realleged herein.

24. WBIC's refusal to indemnify and cover Crestwood's loss is made without reasonable cause or excuse.

25. WBIC is liable to Crestwood under RSMo 375.420 for its vexatious refusal to pay Crestwood's claim under the Policy and its Endorsement.

**PRAYER FOR RELIEF**

WHEREFORE, Crestwood respectfully requests the Court grant judgment in its favor and against WBIC:

a. For a money judgment for WBIC's breach of contract in an amount greater than Twenty-Five Thousand Dollars ($25,000.00) for Crestwood's loss;

b. Declaring WBIC has a duty to provide coverage and indemnify for Crestwood's loss pursuant to the plain language of the Policy and its Endorsement;

c. A money judgment in favor of Crestwood and against WBIC for vexatious refusal to pay claims in violation of RSMo 375.420, including reasonable attorney's fees; and

d. For such other and further relief as the Court deems just.

Not an Official Court Document

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

Respectfully Submitted,

**ONDERLAW, LLC**

By: */s/ Martin L. Daesch*
Martin L. Daesch, #40494
110 E. Lockwood
St. Louis, MO 63119
(314) 963-9000 telephone
(314) 963-1700 facsimile
daesch@onderlaw.com
*Attorney for Plaintiff*

Not an Official Court Document

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| CRESTWOOD EXECUTIVE PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WEST BEND INSURANCE COMPANY,<br>Serve: Registered Agent Solutions, Inc.<br>5661 Telegraph Road, Ste. 48<br>St. Louis, MO 63129,<br><br>Defendant. | ) | No. |

**PETITION**

COMES NOW Plaintiff Crestwood Executive Partners, LLC ("Crestwood"), by and through its undersigned counsel, and for its cause of action against West Bend Insurance Company ("WBIC"), states as follows:

**THE PARTIES**

1. At all relevant times, Crestwood was a Missouri limited liability company with its principal place of business in St. Louis, Missouri.

2. At all relevant times, WBIC was an insurance company doing business and authorized to issue policies of insurance in Missouri. WBIC entered into a contract for insurance with Crestwood, the coverage of which is the subject of this action for breach of contract, declaratory judgment and vexatious refusal to pay.

**JURISDICTION AND VENUE**

3. This is a civil case, so this Court has jurisdiction.

4. Venue is proper in St. Louis County, Missouri, where WBIC's policy of insurance was negotiated and delivered, and whom its registered agent can be found.



Exhibit A

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

## FACTUAL BACKGROUND

5. Crestwood purchased an insurance policy, Policy No. B279200-0, from WBIC for its building and equipment located at Crestwood Executive Center, 50 Crestwood Executive Drive, St. Louis, Missouri 63126. The policy was in effect from March 1, 2023 to March 1, 2024.

6. Crestwood's policy with WBIC included building and personal property coverage extending to equipment sudden and accidental failures.

7. On or about February 22, 2024, Crestwood's elevator experienced a sudden accidental failure in its hydraulic cylinder, the main component of the elevator's jack assembly system that necessitated a complete replacement of the jack assembly.

8. Crestwood filed an insurance claim, Claim No. AR36316, with WBIC, that WBIC has denied and refused to pay.

9. Crestwood has replaced the failed jack assembly at a cost of $100,800.00.

## THE POLICY

10. The Policy provides coverage for a building and personal property as follows:

A. Coverage – We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause or Loss:

1. Covered Property:

a. Building, meaning the building or structure described in the Declarations, including…

(3) Permanently Installed.

(a) Machinery and

(b) Equipment…

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

b. Your Business Personal Property consists of the following property…

(1) Furniture and Fixtures;

(2) Machinery and Equipment.

11. The policy includes an Endorsement for "Equipment Breakdown Coverage Endorsement" as follows:

A. The following is added to A.4. Additional Coverages of the Building and Personal Property Coverage Form, Condominium Association Coverage Form and Condominium Commercial Unit Owners Coverage Form.

1. We will pay for direct physical damage to Covered Property that is the direct result of an "accident"…

12. The Endorsement for "Equipment Breakdown Coverage Endorsement" contains the following definitions:

4.a.(1). "Accident" means a fortuitous event that causes direct physical damage to "covered equipment." The event must be one of the following:

(a) Mechanical breakdown, including rupture or bursting caused by centrifugal force…

(e) "Covered Equipment"

(1) Covered equipment means Covered Property:

(a) That generates, transmits or utilizes energy;

(b) Which during normal usage, operates under vacuum or pressure, other than the weight of its contents…

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

**COUNT I**

**(Breach of Contract)**

13. Allegations 1–12 above are repeated and realleged herein.

14. The Policy obtained and paid for by Plaintiff, from Defendant, constitutes an enforceable contract between an insurer (WBIC) and its insured (Crestwood).

15. The Policy and its Endorsement, contractually obligate WBIC to provide insurance coverage to Crestwood for its loss as afore-described.

16. Crestwood complied with any and all conditions precedent to establishing the loss and indemnification from WBIC for Crestwood's loss.

17. WBIC has breached and continues to breach its obligations in the Policy and Endorsement by denying coverage and failure to indemnify for Crestwood's accidental loss.

**COUNT II**

**(Declaratory Judgment)**

18. Allegations 1–17 above are repeated and realleged herein.

19. An actual controversy exists between WBIC and Crestwood concerning WBIC's denial of coverage for Crestwood's loss.

20. This Court is vested with the power to declare the rights and liabilities of the parties and to grant such relief as is necessary and proper.

21. Under the Policy and its Endorsement, WBIC owes Crestwood a duty to indemnify for Crestwood's loss as herein described.

22. Crestwood seeks a judicial determination regarding the parties' respective rights and obligations under the Policy and Endorsement in connection with the insurance coverage for Crestwood's loss.

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

## COUNT III

## (Vexatious Refusal)

23. Allegations 1–22 above are repeated and realleged herein.

24. WBIC's refusal to indemnify and cover Crestwood's loss is made without reasonable cause or excuse.

25. WBIC is liable to Crestwood under RSMo 375.420 for its vexatious refusal to pay Crestwood's claim under the Policy and its Endorsement.

## PRAYER FOR RELIEF

WHEREFORE, Crestwood respectfully requests the Court grant judgment in its favor and against WBIC:

a. For a money judgment for WBIC's breach of contract in an amount greater than Twenty-Five Thousand Dollars ($25,000.00) for Crestwood's loss;

b. Declaring WBIC has a duty to provide coverage and indemnify for Crestwood's loss pursuant to the plain language of the Policy and its Endorsement;

c. A money judgment in favor of Crestwood and against WBIC for vexatious refusal to pay claims in violation of RSMo 375.420, including reasonable attorney's fees; and

d. For such other and further relief as the Court deems just.

Electronically Filed - St Louis County - January 16, 2026 - 12:51 PM

Respectfully Submitted,

**ONDERLAW, LLC**

By: */s/ Martin L. Daesch*
Martin L. Daesch, #40494
110 E. Lockwood
St. Louis, MO 63119
(314) 963-9000 telephone
(314) 963-1700 facsimile
daesch@onderlaw.com
*Attorney for Plaintiff*

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOHN N. BORBONUS III | **Case Number: 26SL-CC00640** | |
| Plaintiff/Petitioner:<br>CRESTWOOD EXECUTIVE PARTNERS, LLC<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARTIN L DAESCH<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| Defendant/Respondent:<br>WEST BEND INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

**The State of Missouri to:** **WEST BEND INSURANCE COMPANY**
**Alias:**
**REG AGENT SOLUTIONS INC**
**5661 TELEGRAPH ROAD SUITE 48**
**ST. LOUIS, MO 63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

28-JAN-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)
in ______________________________ (County/City of St. Louis), MO, on ______________ (date)
at __________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - January 28, 2026 - 01:26 PM

**In the**
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Crestwood Executive Partners, LLC
Plaintiff/Petitioner

January 16, 2026
Date

Case Number

Division

vs.

West Bend Insurance Company
Defendant/Respondent

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Dan West | 8235 Forsyth Blvd., Clayton, MO 63105 | 314-392-3205 |
| Sentoria davidson | 8235 Forsyth Blvd., Clayton, MO 63105 (Address or in the Alternative) | 314-392-3205 |
| Evan Lillick | 8235 Forsyth Blvd., Clayton, MO 63105 (Address or in the Alternative) | 314-392-3205 |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
West Bend Insurance Company
Name
5661 Telegraph Road, Ste. 48
Address
St. Louis, MO 63129
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ______________________
Deputy Clerk

______________________
Date

*Martin L. Daesch*
Signature of Attorney/Plaintiff/Petitioner
40494
Bar No.
110 E. Lockwood Ave, St. Louis, MO 63119
Address
(314) 963-9000 — Phone No.
(314) 963-1700 — Fax No.

Electronically Filed - ST LOUIS COUNTY - January 28, 2026 - 01:26 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**| Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries

**01/28/2026**

**Request Filed**
Request for Process Server.
**Filed By:** MARTIN L DAESCH
**On Behalf Of:** CRESTWOOD EXECUTIVE PARTNERS, LLC

**Summons Issued-Circuit**
Document ID: 26-SMCC-1738, for WEST BEND INSURANCE COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**01/16/2026**

**Filing Info Sheet eFiling**

**Filed By:** MARTIN L DAESCH

**Pet Filed in Circuit Ct**
Petition; Ex A - Policy.
**Filed By:** MARTIN L DAESCH
**On Behalf Of:** CRESTWOOD EXECUTIVE PARTNERS, LLC

**Judge Assigned**
DIV 6

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JOHN N. BORBONUS III | **Case Number: 26SL-CC00640** | |
| Plaintiff/Petitioner:<br>CRESTWOOD EXECUTIVE PARTNERS, LLC<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARTIN L DAESCH<br>110 EAST LOCKWOOD AVE<br>ST LOUIS, MO 63119 | |
| Defendant/Respondent:<br>WEST BEND INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Breach of Contract | | |

**The State of Missouri to:** **WEST BEND INSURANCE COMPANY**
**Alias:**
**REG AGENT SOLUTIONS INC**
**5661 TELEGRAPH ROAD SUITE 48**
**ST. LOUIS, MO 63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

28-JAN-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ______________ (date)

at __________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**<u>(4) Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**<u>(5) Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - January 28, 2026 - 01:26 PM

**In the**

# CIRCUIT COURT

## Of St. Louis County, Missouri

SEAL OF THE CIRCUIT COURT OF ST. LOUIS COUNTY MISSOURI

For File Stamp Only

Crestwood Executive Partners, LLC
Plaintiff/Petitioner

vs.

West Bend Insurance Company
Defendant/Respondent

January 16, 2026
Date

Case Number

Division

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Dan West | 8235 Forsyth Blvd., Clayton, MO 63105 | 314-392-3205 |
| Sentoria davidson | 8235 Forsyth Blvd., Clayton, MO 63105 (Address or in the Alternative) | 314-392-3205 |
| Evan Lillick | 8235 Forsyth Blvd., Clayton, MO 63105 (Address or in the Alternative) | 314-392-3205 |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
West Bend Insurance Company
Name
5661 Telegraph Road, Ste. 48
Address
St. Louis, MO 63129
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By ____________________
Deputy Clerk

____________________
Date

*Martin L. Daesch*
Signature of Attorney/Plaintiff/Petitioner
40494
Bar No.
110 E. Lockwood Ave, St. Louis, MO 63119
Address
(314) 963-9000 Phone No.
(314) 963-1700 Fax No.

Electronically Filed - ST LOUIS COUNTY - January 28, 2026 - 01:26 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.