Electronically Filed - ST LOUIS COUNTY - February 23, 2026 - 04:01 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

CRESTWOOD EXECUTIVE PARTNERS, LLC,  )
                                      )
       Plaintiff,  )
                                        )
v.  )       No. 26SL-CC00640
                                        )
WEST BEND INSURANCE COMPANY,  )
Serve:  Registered Agent Solutions, Inc.  )
5661 Telegraph Road, Ste. 48  )
St. Louis, MO 63129,  )
                                        )
And  )
                                        )
COWELL JAMES FORGE INSURANCE  )
GROUP, LLC,  )
Serve:  Ginger Haggard  )
         10525 N Ambassador Dr  )
         Suite 301  )
         Kansas City, MO 64153-1225  )
                                        )
       Defendants.  )

## FIRST AMENDED PETITION

COMES NOW Plaintiff Crestwood Executive Partners, LLC ("Crestwood"), by and through its undersigned counsel, and for its cause of action against West Bend Insurance Company ("WBIC") and Cowell James Forge Insurance Group, LLC ("CJF"), states as follows:

## THE PARTIES

1. At all relevant times, Crestwood was a Missouri limited liability company with its principal place of business in St. Louis, Missouri.

2. At all relevant times, WBIC was an insurance company doing business and authorized to issue policies of insurance in Missouri.  WBIC entered into a contract for insurance

1

Electronically Filed - ST LOUIS COUNTY - February 23, 2026 - 04:01 PM

with Crestwood, the coverage of which is the subject of this action for breach of contract, declaratory judgment and vexatious refusal to pay.

3. At all relevant times, CJF was an insurance broker doing business and authorized to broker policies of insurance in Missouri. CJF procured a contract for insurance for Crestwood.

**JURISDICTION AND VENUE**

4. This is a civil case, so this Court has jurisdiction.

5. Venue is proper in St. Louis County, Missouri, where WBIC's policy of insurance was negotiated and delivered, and whom its registered agent can be found.

**FACTUAL BACKGROUND**

6. Crestwood purchased an insurance policy, Policy No. B279200-0, from WBIC for its building and equipment located at Crestwood Executive Center, 50 Crestwood Executive Drive, St. Louis, Missouri 63126. The policy was in effect from March 1, 2023 to March 1, 2024.

7. Crestwood's policy with WBIC included building and personal property coverage extending to equipment sudden and accidental failures.

8. On or about February 22, 2024, Crestwood's elevator experienced a sudden accidental failure in its hydraulic cylinder, the main component of the elevator's jack assembly system that necessitated a complete replacement of the jack assembly.

9. Crestwood filed an insurance claim, Claim No. AR36316, with WBIC, that WBIC has denied and refused to pay.

10. Crestwood has replaced the failed jack assembly at a cost of $100,800.00.

11. Acting as broker for Crestwood, CJF procured the WBIC insurance policy for Crestwood.

Electronically Filed - ST LOUIS COUNTY - February 23, 2026 - 04:01 PM

12. CJF was aware of Crestwood's desire to insure all building and personal property, including sudden and accidental failures of equipment, when procuring Crestwood's WBIC insurance policy.

13. WBIC's policy includes a new "Equipment Breakdown Coverage Endorsement."

14. This policy now defines the term "buried vessels or piping" and specifically excludes "(d) A pressure vessel used as the cylinder of a hydraulic elevator."

## THE POLICY

15. The Policy provides coverage for a building and personal property as follows:

A. Coverage – We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause or Loss:

1. Covered Property:

a. Building, meaning the building or structure described in the Declarations, including…

(3) Permanently Installed.

(a) Machinery and

(b) Equipment…

b. Your Business Personal Property consists of the following property…

(1) Furniture and Fixtures;

(2) Machinery and Equipment.

16. The policy includes an Endorsement for "Equipment Breakdown Coverage Endorsement" as follows:

3

Electronically Filed - ST LOUIS COUNTY - February 23, 2026 - 04:01 PM

A.    The following is added to A.4. Additional Coverages of the Building and Personal Property Coverage Form, Condominium Association Coverage Form and Condominium Commercial Unit Owners Coverage Form.

1.    We will pay for direct physical damage to Covered Property that is the direct result of an "accident"…

17.    The Endorsement for "Equipment Breakdown Coverage Endorsement" contains the following definitions:

4.a.(1).    "Accident" means a fortuitous event that causes direct physical damage to "covered equipment."  The event must be one of the following:

(a)    Mechanical breakdown, including rupture or bursting caused by centrifugal force…

(e)    "Covered Equipment"

(1)    Covered equipment means Covered Property:

(a)    That generates, transmits or utilizes energy;

(b)    Which during normal usage, operates under vacuum or pressure, other than the weight of its contents…

## COUNT I – AGAINST DEFENDANT WBIC

### (Breach of Contract)

18.    Allegations 1–17 above are repeated and realleged herein.

19.    The Policy obtained and paid for by Plaintiff, from Defendant, constitutes an enforceable contract between an insurer (WBIC) and its insured (Crestwood).

4

Electronically Filed - ST LOUIS COUNTY - February 23, 2026 - 04:01 PM

20.    The Policy and its Endorsement, contractually obligate WBIC to provide insurance coverage to Crestwood for its loss as afore-described.

21.    Crestwood complied with any and all conditions precedent to establishing the loss and indemnification from WBIC for Crestwood's loss.

22.    WBIC has breached and continues to breach its obligations in the Policy and Endorsement by denying coverage and failure to indemnify for Crestwood's accidental loss.

## COUNT II – AGAINST DEFENDANT WBIC

### (Declaratory Judgment)

23.    Allegations 1–23 above are repeated and realleged herein.

24.    An actual controversy exists between WBIC and Crestwood concerning WBIC's denial of coverage for Crestwood's loss.

25.    This Court is vested with the power to declare the rights and liabilities of the parties and to grant such relief as is necessary and proper.

26.    Under the Policy and its Endorsement, WBIC owes Crestwood a duty to indemnify for Crestwood's loss as herein described.

27.    Crestwood seeks a judicial determination regarding the parties' respective rights and obligations under the Policy and Endorsement in connection with the insurance coverage for Crestwood's loss.

## COUNT III – AGAINST DEFENDANT WBIC

### (Vexatious Refusal)

28.    Allegations 1–27 above are repeated and realleged herein.

29.    WBIC's refusal to indemnify and cover Crestwood's loss is made without reasonable cause or excuse.

30.    WBIC is liable to Crestwood under RSMo 375.420 for its vexatious refusal to pay Crestwood's claim under the Policy and its Endorsement.

**COUNT IV – AGAINST CJF**

**(Failure to Procure)**

31.    Allegations 1–17 above are repeated and realleged herein.

32.    Crestwood entered into an agreement to act as broker with CJF to procure, for a fee, a policy of insurance that would cover its building and equipment.

33.    As a result of advice provided by CJF, Crestwood procured the insurance policy from WBIC believing all equipment would be covered.

34.    As an alternative to Counts I and III, Crestwood asserts WBIC has denied liability for Crestwood's hydraulic cylinder as a direct and proximate results of CJF's negligence.

35.    Defendant CJF had a duty to use the degree of care an ordinarily careful person would use under the same or similar circumstances to insure Crestwood's insurance policy would cover the building, all equipment and personal property, including the hydraulic cylinder component of the elevator.

36.    Defendant CJF breached that duty by negligently and carelessly advising Crestwood that the insurance policy would cover such property.

37.    Defendant CJF knew or should have known that Crestwood sought an insurance policy or policies that would cover the entirety of their building and equipment, including the hydraulic cylinder component of the elevator whether above or below ground.

38.    Had Crestwood been made aware that additional insurance was required for coverage of the entirety of the building and equipment, including the hydraulic cylinder, Crestwood could have taken further action to ensure such coverage was in place.

Electronically Filed - ST LOUIS COUNTY - February 23, 2026 - 04:01 PM

39.     As a direct and proximate result of WBIC denying insurance coverage, Crestwood has sustained damages and losses in a sum excess of $108,000.00.

**PRAYER FOR RELIEF**

WHEREFORE, Crestwood respectfully requests the Court grant judgment in its favor and against WBIC and CJF:

a.  For a money judgment for WBIC's breach of contract in an amount greater than Twenty-Five Thousand Dollars ($25,000.00) for Crestwood's loss;

b.  Declaring WBIC has a duty to provide coverage and indemnify for Crestwood's loss pursuant to the plain language of the Policy and its Endorsement;

c.  A money judgment in favor of Crestwood and against WBIC for vexatious refusal to pay claims in violation of RSMo 375.420, including reasonable attorney's fees;

d.  Alternatively, a money judgment against CJF in its favor, for a sum in excess of $100,800.00, together with prejudgment and post-judgment interest thereon at the legal rate; and,

e.  For such other and further relief as the Court deems just.

Respectfully Submitted,

**ONDERLAW, LLC**

By:   _/s/ Martin L. Daesch_
Martin L. Daesch, #40494
110 E. Lockwood
St. Louis, MO 63119
(314) 963-9000 telephone
(314) 963-1700 facsimile
daesch@onderlaw.com
*Attorney for Plaintiff*

7