UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRESTWOOD EXECUTIVE PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WEST BEND INSURANCE COMPANY and COWELL JAMES FORGE INSURANCE GROUP, LLC,<br><br>Defendants. | ) | Case No. 4:26-CV-343-ZMB |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Crestwood Executive Partners, LLC's Motion to Remand. Doc. 16. As Defendant West Bend Insurance Company has failed to establish that the parties named in the Amended Petition are diverse, the Court remands this case.

**BACKGROUND**

Crestwood claims it purchased an insurance policy from West Bend after receiving advice from Cowell James Forge Insurance Group ("CJFIG"). Doc. 16-1 ¶¶ 1–3, 32–33. After its elevator broke down in 2024, Crestwood alleges it submitted an insurance claim exceeding $75,000, which West Bend refused to pay. *Id.* ¶ 6–14. In January 2026, Crestwood filed this action in Missouri state court against West Bend, alleging breach of contract and vexatious refusal to pay. Doc. 5 at 4–5. Shortly thereafter, Crestwood amended its petition to include claims against CJFIG. Doc. 16-1.

West Bend later removed the case to federal court based on diversity jurisdiction. Doc. 1 ¶ 7. Crestwood moved to remand, claiming a lack of complete diversity. Doc. 16. It is undisputed that Crestwood is a Missouri citizen, Doc. 1 ¶ 3; Doc. 13 at 1; Doc. 18 at 3, and that West Bend is a citizen of Wisconsin, Doc. 1 ¶ 4; Doc. 7 at 1. West Bend also does not contest Crestwood's assertion that CJFIG is a Missouri citizen. *See* Doc. 18 at 3. The issue is fully briefed, Docs. 18, 19, and ripe for review.

## LEGAL STANDARD

A defendant generally may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As relevant here, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "An LLC's citizenship is determined by the citizenship of each of its members." *Goldman v. Tapestry*, 501 F. Supp. 3d, 662, 667 (E.D. Mo. 2020) (citing *E3 Biofuels v. Biothane*, 781 F.3d 972, 975 (8th Cir. 2015)). And complete diversity must exist, with "no defendant [having] citizenship in the same state with any plaintiff." *Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021) (citation omitted).

After removal, a party may seek remand on jurisdictional grounds, and relief must be granted if it appears the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). Once disputed, the removing party "bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Keller v. Am. Bottling Co.*, No. 4:19-CV-2895-JAR, 2020 WL 3412236, at *1 (E.D. Mo. June 22, 2020) (citations omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). But "[f]ederal courts have a 'virtually unflagging obligation' to decide cases that fall within their jurisdiction." *Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023) (citation omitted).

## DISCUSSION

Crestwood argues that the Court must remand this case because it shares Missouri citizenship with CJFIG. Doc. 16 at 2–3. West Bend responds that removal was proper because the original Petition, which did not name CJFIG as a defendant, was the operative pleading when it removed the case. Doc. 18 at 2. *Id*. Because the Amended Petition is the operative pleading and West Bend has failed to establish jurisdiction, the Court remands this case.

In Missouri courts, "[a] pleading may be amended once as a matter of course at any time before a responsive pleading is served." MO. SUP. CT. R. 55.33(a). The relevant rules "do[] not require issuance and personal service of a new summons upon a defendant, who was previously served, each time that a petition is amended." *Williams v. Thompson*, 489 S.W.3d 823, 829 (Mo. Ct. App. 2015). "When a plaintiff amends [its petition], the new pleading supersedes the old one: The original pleading no longer performs any function in the case." *Vick v. Fresh Green*, 188 F.4th 1062, 1064 (8th Cir. 2026) (citation omitted). Instead, the amended petition becomes the "operative" pleading and "can either create or destroy jurisdiction." *See Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 35 (2025) (holding that a post-removal amendment deprived district court of subject matter jurisdiction).

Here, Crestwood's Amended Petition became the operative pleading upon filing because West Bend had not yet answered and Crestwood was not required to personally serve West Bend with a copy of the Amended Petition. The Amended Petition names CJFIG as a defendant, Doc. 16-1 at 1, and Crestwood asserts that CJFIG is a "Missouri citizen." Doc. 16 at 3. Though Crestwood's explanation for this conclusion falls short,[1] West Bend bears the burden of establishing complete diversity as the removing party. *See Keller*, 2020 WL 3412236, at *1. And it fails to meet that burden because it functionally concedes that CJFIG is a Missouri citizen, thereby defeating diversity jurisdiction. *See Carter v. Fredrickson*, No. 2:24-CV-39-HEA, 2024 WL 4502249, at *3 (E.D. Mo. Oct. 15, 2024) ("Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing arguments." (collecting cases)); *Conners*

[1] Crestwood asserts that CJFIG is a Missouri citizen because "Jason M. Forge—a Missouri resident—remains a member of CJFIG." Doc. 16 at 3. But a party's citizenship is not satisfied "based solely on an allegation a party is (or was) a 'resident' of a particular state." *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) (noting that term "resident" is different from "citizen").

*v. Gunnison Props.*, No. 4:25-CV-1507-JMD, 2026 WL 2409434, at *1 (E.D. Mo. Aug. 18, 2026) (applying the same principle to motions to remand). Because West Bend fails to establish subject-matter jurisdiction, the Court must remand this action to state court.

**CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiff Crestwood Executive Partners, LLC's [16] Motion to Remand. A separate Order of Remand will accompany this order.

So ordered this 22nd day of October 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE